UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JOANNE BLUMENTHAL,                 7-04-17143 ML

    Debtor.
_____

UNITED STATES TRUSTEE,

    Plaintiff,

v.                                        Adversary No. 05-1295 M

JOANNE BLUMENTHAL,

    Defendant.

## ORDER GRANTING DEBTOR'S MOTION TO SET ASIDE DEFAULT JUDGMENT REVOKING DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727

THIS MATTER is before the Court on the Motion to Set Aside Default Judgment ("Motion") filed by the Defendant, Joanne Blumenthal, *pro se*. The Court held a final hearing on the Motion on June 6, 2006 and took the matter under advisement. The Motion requests the Court to set aside the Default Judgment Revoking the Debtor's Discharge Under 11 U.S.C. § 727 ("Default Judgment") entered March 24, 2006 pursuant to Rule 55, Fed.R.Civ.P. and Rule 60(b), Fed.R.Civ.P. After review of the record of this proceeding, and being otherwise sufficiently informed, the Court finds that the Motion should be granted and the Default Judgment set aside. In reaching this determination the Court FINDS:

1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 29, 2004 as Case No. 7-04-17143. She received her discharge on January 31, 2005.

2. On December 30, 2005, the United States Trustee filed a Complaint Seeking Revocation of Debtor's Discharge Under 11 U.S.C. § 727 ("Complaint").

3. The Complaint alleges that Defendant failed to disclose certain assets and transfers in

her statements and schedules filed in her bankruptcy proceeding, and that she fraudulently concealed assets and made false statements in her schedules and at her § 341 meeting of creditors and requests that the discharge be revoked pursuant to 11 U.S.C. § 727(d)(1) and 11 U.S.C. § 727(e)(1).

4. Defendant and her former bankruptcy counsel of record were served by mail on January 4, 2006 with a copy of the Complaint and the Summons and Notice of Scheduling Conference. The Summons and Notice of Scheduling Conference states on its face that a response to the Complaint must be filed with the Court and served on the Plaintiff within 30 days of the date of issuance of the Summons and Notice of Scheduling Conference.

5. Defendant failed to timely file an answer or other response to the Complaint.

6. Plaintiff filed a Motion for Default Judgment on Complaint Requesting Revocation of The Debtor's Discharge Under 11 U.S.C. § 727 ("Motion for Default Judgment") on February 17, 2006, and sent a copy of the Motion to Defendant and to Defendant's bankruptcy counsel of record by mail on the same day.

7. A final hearing on the Motion for Default Judgment was scheduled for March 22, 2006. Notice of the final hearing on the Motion for Default Judgment was sent to Defendant and to Defendant's bankruptcy counsel of record on February 21, 2006.

8. Defendant failed to appear at the final hearing on the Motion for Default Judgment, and a Default Judgment Revoking the Debtor's Discharge Under 11 U.S.C. § 727 ("Default Judgment") was entered on March 24, 2006.

9. On March 31, 2006, Defendant filed an Answer to the Complaint pro se, a request to allow Defendant to amend her bankruptcy schedules, and the Motion seeking to set aside the Default Judgment.

10. Defendant's Motion asserts that the Default Judgment should be set aside due to excusable neglect, that her bankruptcy counsel refused to assist her or file any papers on her behalf in the adversary proceeding, that mental health issues prevented her at times from leaving her home, that she is unemployable and now receives social security disability income, and that she was not dishonest in her bankruptcy proceeding, had no intent to defraud, and did not knowingly or willingly conceal assets, nor did she make false statements in her schedules or at her creditors' meeting.

11. At the final hearing on the Motion, Defendant appeared and stated that her failure to file a timely answer to the Complaint was due to her illness, that she lives in the mountains and must drive to pick up her mail, that during the time that the Complaint was served she was unable to keep up with her mail due to her illness, and that by the time she received the papers, the time for filing a response had already expired.

12. Rule 55(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7055, Fed.R.Bankr.P., provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 55(c), Fed.R.Civ.P.

13. Rule 60(b), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9024, Fed.R.Bankr.P. establishes the standards for obtaining relief from final judgments and orders, and provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Rule 60(b), Fed.R.Civ.P.

14. "The Court has broad discretion in determining whether or not relief from a default judgment should be granted." *In re MAPS Int'l, Inc.,* 152 B.R. 989, 991 (Bankr.N.D.Okla. 1993) (*citing Thomas v. Kerr McGee Refining Corp.*, 660 F.2d 1380 (10th Cir.1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982)).

15. The party seeking relief from a default judgment must demonstrate sufficient grounds for relief in accordance with the standards of Rule 60(b), Fed.R.Civ.P. *In re Wallace,* 298 B.R. 435, 440 (10th Cir. BAP 2003)*, aff'd,* 99 Fed.Appx. 870 (2004) (citing *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 941 (10th Cir.1987)).

16. Justification for relief from a default judgment requires a showing of the following: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993) (citations omitted). *See also, Olson v. Stone (In re Stone),* 588 F.2d 1316, 1319 (10th Cir. 1978) ("A 60(b) motion thus comprehends two distinct aspects – justification for relief and a meritorious defense.").

17. Default judgments are disfavored inasmuch as there exists a strong policy in favor of resolving disputes on the merits. *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983) (noting that "[a]dditional circumstances come into play when the 60(b) motion concerns a default judgment . . . . 'strong policies favor resolution of disputes on their merits') (quoting *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980)); *MAPS Int'l,* 152 B.R. at 991 ("It is well settled that default judgments are not favored inasmuch as the preferred disposition of any case is upon its merits."). "We do not favor default judgments

4

because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna,* 715 F.2d at 1444 (citation omitted). On the other hand, a defendant is required to abide by the rules of procedure, and a plaintiff should not be faced with continued delay and uncertainty due to the defendant's unresponsiveness. *Id.* (citations omitted).

18. The Motion was timely filed in accordance with Rule 60(b), Fed.R.Civ.P.

19. Excusable neglect within the meaning of Rule 60(b)(1) "'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *In re Iowa Oil Co.,* 299 B.R. 555, 561 (Bankr.N.D.Iowa 2003) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). It includes "'both simple, faultless omissions and omissions caused by carelessness.'" *Id.* (quoting *In re Payless Cashways, Inc.,* 230 B.R. 120, 138 (8th Cir. BAP 1999) (citations omitted), *aff'd* 203 F.3d 1081 (8th Cir. 2000)). The burden of proving excusable neglect under Rule 60(b)(1) is on the party seeking to have the judgment set aside. *In re Bushman,* 311 B.R. 91, 95 (Bankr.D.Utah 2004) (citing *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990)). In making the equitable determination of whether movant has sufficiently demonstrated excusable neglect, the Court is guided by such factors as the length of the delay and its effect on the proceedings, whether the cause for the delay was within the reasonable control of the movant, whether the movant acted in good faith, and the degree of prejudice the party seeking default will suffer if the judgment is set aside. *Iowa Oil,* 299 B.R. at 561 (quoting *Payless Cashways,* 230 B.R. at 138); *In re Suprema Specialties, Inc.,* 330 B.R. 40, 51 (S.D.N.Y. 2005) (regarding prejudice to non-moving party) (quoting *In re Pecarsky v. Galaxiworld.com*

5

*Ltd.,* 249 F.3d 167, 171 (2nd Cir. 2001)).

    20. Under the circumstances of this case, Defendant's explanation for her failure to timely file an answer to the Complaint is sufficient to meet the requirements to set aside the Default Judgment under Rule 60(b)(1), Fed.R.Civ.P. Defendant represented to the Court that she did not check her post office box because of mental illness which prevented her from leaving her home, and that when she received her mail the deadline for filing a timely answer had already passed. The delay was therefore, not willful, inasmuch as Defendant was unable to leave her home and was unaware that the Complaint had been filed until after the deadline had already passed. Setting aside the default judgment will not cause Plaintiff undue prejudice in that the Complaint seeks to revoke the Defendant's discharge, not recover assets which could be further dissipated. *See Suprema Specialties,* 330 B.R. at 53 (noting that prejudice to the party seeking default is present when the "delay will result in the loss of evidence, create increased difficulties of discovery, or provide opportunities for fraud and collusion.") (citation omitted).

    21. Defendant's Answer sufficiently raises a defense to the Complaint. Revocation of a debtor's discharge pursuant to 11 U.S.C. § 727(d)(1) requires proof that (1) the debtor obtained his or her discharge through fraud; and (2) that the party seeking revocation of the discharge did not know of the fraud until after the discharge was granted. 11 U.S.C. § 727(d)(1). To satisfy the first element, Plaintiff must show by a preponderance of the evidence that Defendant "acted with a knowing intent to defraud." *In re Spears,* 291 B.R. 825, 828 (Bankr.C.D.Ill. 2003) (citing *In re Yonikus,* 974 F.2d 901, 905 (7th Cir. 1992)). *See also*, *Mazer v. Jones (In re Jones),* 178 B.R. 1, 3 (Bankr.D.N.M. 1995) (revocation of discharge under 11 U.S.C. § 727(d)(1) must be proved by a preponderance of the evidence) (citing *Grogan v. Garner,* 498 U.S. 279, 111

S.Ct. 654, 112 L.Ed.2d 755 (1991)). The Answer affirmatively states that in completing her statements and schedules Defendant did not intend to defraud creditors, and though she does not address or provide a detailed explanation for each of the Plaintiff's allegations contained in the Complaint, the Answer responds to the Complaint. Because intent is a necessary element, albeit one which can be established by inference based on the surrounding facts and circumstances, Defendant's Answer satisfies the meritorious defense criterion for setting aside the Default Judgment. *See Suprema Specialties,* 330 B.R. at 53 (Noting that the requirement for a meritorious defense "'need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'") (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2nd Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chems. and Dyestuffs, Inc.,* 856 F.2d 873, 879 (7th Cir. 1988)). *See also, Wallace,* 298 B.R. at 441 (citing *Fidelity State Bank v. Oles,* 130 B.R. 578, 586 (D.Kan. 1991) for the statement that to satisfy the requirement of a meritorious defense the movant need only allege facts which, if accepted as true, would constitute a defense).

Based on the foregoing, the Court finds that in the interests of justice, this matter should not be disposed of by default judgment. *See Cessna,* 715 F.2d at 1444 ("Rule 60(b) 'should be liberally construed when substantial justice will thus be served.'") (quoting *Thompson v. Kerr-McGee,* 660 F.2d at 1385 (citing *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc)).

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is GRANTED. The Default Judgment entered March 24, 2006 is hereby set aside.

ORDERED FURTHER, that a status conference will be conducted on **Friday, August 25,**

**2006 at 10:00am** in the above matter by Chris Wilson, Courtroom Deputy Clerk to Judge McFeeley, in his office on the thirteenth floor of the Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Albuquerque, New Mexico. Note: Counsel and/or parties, including in-town counsel and/or parties, may appear via telephone if such request is made of chambers of Judge McFeeley (505-348-2545), at least one business day prior to the date set.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Copy to:

Alice Nystel Page
Attorney for Plaintiff
PO Box 608
Albuquerque, NM 87103

Joanne Blumenthal
Defendant, *pro se*
41 Trimble Lane
Cloudcroft, NM 88317

8